**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ERIC D. WILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-CV-00048 RHH |
| | ) | |
| DELAWARE COUNTY JAIL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Eric Wilborn filed this action against the Delaware County Jail in Muncie, Indiana, and Sergeant Unknown Brooks, an employee at the Jail. He brings his claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights.

Plaintiff alleges that he was incarcerated at the Delaware County Jail in 2024, when he "caught" gangrene in his leg. He states that there are medical records relating to his injury at Hendricks Behavioral Hospital in Plainfield, Indiana, and he lists three other correctional facilities relating to the time of events giving rise to his claims: Boone County Jail (Indiana); Michigan City Jail; and Muncie County Jail.

Plaintiff infers that he did not receive treatment for his leg at the Delaware County Jail due to his color, but he fails to indicate his race or color in the body of his complaint. He seeks injunctive relief rather than damages in his "Request for Relief." He asks the Jail to fix its policies, so another person does not "catch" gangrene because of their color.

Venue in federal court is governed by 28 U.S.C. § 1391(b), under which such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff's claims took place while he was incarcerated at Delaware County Jail, which is in Muncie, Indiana. Thus, the events giving rise to plaintiff's claims took place in the judicial district of the United States District Court for the Southern District of Indiana, Indianapolis Division. 28 U.S.C. § 94(b)(1). Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Indiana for all further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.** Plaintiff may renew his motion in the United States District Court for the Southern District of Indiana.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**. Plaintiff may renew his motion in the United States District Court for the Southern District of Indiana.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall **TRANSFER** this action to the United States District Court for the Southern District of Indiana, Indianapolis Division. *See* 28 U.S.C. §§ 1391(b) and 1404(a).

Dated this 2nd day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE